## APPEAL OF J. & G. LIPPMAN, INC.

Docket No. 1051. Submitted April 21, 1925. Decided June 17, 1925.

*W. J. Hogan, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

This is an appeal from a deficiency in income and profits taxes in the amount of $1,531.76 for the fiscal year ended March 31, 1918. The deficiency arises from the disallowance of certain amounts claimed as invested capital by the taxpayer. The entire asserted deficiency is in controversy. From the oral and documentary evidence and the allegations of the petition admitted by the Commissioner, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer, a New York corporation, was organized in 1904 as the successor of a partnership known as J. & G. Lippman, and

has operated continuously from the date of incorporation. It is engaged in the business of a wholesale commission merchant of foreign and domestic fruits and produce.

2. The authorized capital stock of the taxpayer at the date of incorporation was $50,000, of which $49,900 was issued in exchange for all the tangible and intangible assets of the predecessor partnership. No satisfactory proof of the value of either tangible or intangible assets received in exchange for stock was offered at the hearing. In 1910 the authorized capital stock was increased to $100,000, of which 50 per cent was classified as common stock and the remainder as preferred stock. In the same year preferred stock was issued in the amount of $20,000, and cash in an equal amount was paid to the taxpayer therefor. The increase of capital stock was necessary to replace capital lost in business operations. From the date of its incorporation until November 1, 1910, the taxpayer paid no dividends, either liquidating or otherwise, nor during that period was there any withdrawal or reduction of capital, except as a result of operating deficits. The additional stock authorized and issued in 1910 was not a part of an act of reorganization but a regular procedure resulting in an increase in the capital of the taxpayer, as authorized by the laws of New York.

3. Leopold J. Lippman, now an officer of the taxpayer, was present when the incorporation of J. & G. Lippman, Inc., was effected. At the time that the assets of the predecessor partnership were taken over by the taxpayer in exchange for its stock of the par value of $49,900, he purchased 50 per cent of the stock received by the partnership and paid cash therefor in the amount of $25,000.

4. The income and profits-tax return of the taxpayer for the year 1918 included its balance sheets for the fiscal years ended March 31, 1917, and March 31, 1918, respectively, which were as follows:

*Balance sheet*

|  | Mar. 31, 1917 | Mar. 31, 1918 |
|---|---|---|
| ASSETS |  |  |
| Accounts receivable | $33, 893. 26 | $67, 057. 93 |
| Inventories | 3, 192. 48 | 41, 487. 48 |
| Mortgage receivable | 5, 500. 00 | 5, 500. 00 |
| Leasehold | 20, 416. 65 | 15, 416. 61 |
| Cash | 3, 328. 55 | 133. 75 |
| Notes receivable | 1, 703. 03 | 297. 16 |
| Stock investments | 400. 00 | 400. 00 |
| Furniture and fixtures | 2, 176. 50 | 1, 000. 00 |
| Good will | 18, 000. 62 | 18, 000. 62 |
| Profit and loss | 28, 935. 96 | 25, 637. 57 |
| Total | 117, 547. 05 | 174, 931. 12 |
| LIABILITIES |  |  |
| Capital stock | 70, 000. 00 | 70, 000. 00 |
| Accounts payable | 32, 047. 05 | 34, 656. 16 |
| Notes payable | 15, 500. 00 | 69, 774. 96 |
| Reserve for contingent liabilities |  | 500. 00 |
| Total | 117, 547. 05 | 174, 931. 12 |

5. In his final determination the Commissioner reduced the taxpayer's invested capital to $45,000, the amount actually received for stock issued, and made other adjustments that increased the net income of the taxpayer for the year in question from $3,598.39 to $9,916.51, and determined a deficiency in the amount of $1,531.76. At the hearing before the Board the taxpayer abandoned all its allegations of error committed by the Commissioner, except with respect to the reduction of invested capital.

## DECISION.

The determination of the Commissioner is approved.